HOGAN LOVELLS US LLP
Stephen A. Loney, Jr. (N.J. No. 005172006)
Virginia Gibson (*pro hac vice*)
Jessica K. Jacobs (N.J. No. 038002011)
1735 Market Street, 23rd Floor
Philadelphia, PA 19103
Telephone: (267) 675-4600
Facsimile: (267) 675-4601

Ryan M. Philp (N.J. No. 031032003)
Alan M. Mendelsohn (*pro hac vice*)
390 Madison Avenue
New York, NY 10017
Telephone: (212) 918-3000
Facsimile: (212) 918-3100

*Counsel for Plaintiff Austar International Limited*

## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| AUSTAR INTERNATIONAL LIMITED, directly against and derivatively on behalf of AustarPharma LLC<br><br>        Plaintiff,<br><br>   v.<br><br>AUSTARPHARMA LLC<br><br>        Defendant/Nominal Defendant,<br><br>RONG LIU and GUANGZHOU BRISTOL DRUG DELIVERY CO., LTD.<br><br>        Defendants. | Civil Action<br>2:19-cv-08356(KM)(MAH)<br><br>*Document Filed Electronically*<br><br>**AUSTAR'S OMNIBUS OPPOSITION TO THE MOTIONS TO STAY DISCOVERY OF (1) AUSTARPHARMA AND (2) LIU AND BOSTAL**<br><br>**Motion Day: September 3, 2019** |

# **TABLE OF CONTENTS**

PRELIMINARY STATEMENT ...................................................................1

STATEMENT OF FACTS .......................................................................3

LEGAL ARGUMENT ............................................................................5

    I.    THE MOVING PARTY'S BURDEN ON A MOTION TO STAY .........................................................................................5

    II.    DEFENDANTS CANNOT MEET THEIR BURDEN TO SUPPORT THE EXTRAORDINARY REMEDY OF STAYING DISCOVERY. ............................................................8

        A.    Defendants Have Failed to Demonstrate that Austar Would Obtain a Tactical Advantage and Would Not Suffer any Prejudice if a Stay of Discovery Was Granted. ........8

        B.    Defendants Do Not Meet Their Burden of Proving that Discovery Will Cause Them to Suffer Undue Hardship. .........13

        C.    Defendants Have Not Shown How Entering a Stay Would Simplify the Issues and Trial of this Case...................19

        D.    The Fact that This Case Is in its Early Stages Does Not Weigh in Favor of a Stay. ....................................................22

CONCLUSION ...................................................................................24

i

# TABLE OF AUTHORITIES

**Page(s)**

## Cases

*Actelion Pharm. Ltd. v. Apotex Inc.*,
   No. 12-5743, 2013 WL 5524078 (D.N.J. Sept. 6, 2013) ...................8, 10-11, 15

*Adriana Castro, M.D., P.A. v. Sanofi Pasteur Inc.*,
   No. 11-7178, 2012 WL 12918261 (D.N.J. July 18, 2012) ..............11, 12, 18-20

*Cable System Installations Corp. v. International Brotherhood of
   Electrical Workers*,
   No. 12-7407, 2015 WL 13650366 (D.N.J. Mar. 30, 2015) ...............................14

*Costantino v. City of Atl. City.*,
   No. 13-6667, 2015 WL 668161 (D.N.J. Feb. 17, 2015).........................6, 12, 13

*Coyle v. Hornell Brewing Co.*,
   No. 08-2797, 2009 WL 1652399 (D.N.J. June 9, 2009) ................5-6, 11, 22-23

*CTF Hotel Holdings, Inc. v. Marriott Int'l, Inc.*,
   381 F.3d 131 (3d Cir. 2004) .............................................................................13

*Doty v. Bayview Fin. L.P.*,
   No. 08-4090, 2009 WL 10690330 (D.N.J. Oct. 7, 2009)...........................13, 21

*Eagle View Techs., Inc. v. Xactware Sols., Inc.*,
   No. 15-7025, 2016 WL 7165695 (D.N.J. Dec. 7, 2016) ...................................10

*Everett Laboratories, Inc. v. River's Edge Pharmaceuticals, LLC*,
   No. 09-3458, 2009 WL 4508584 (D.N.J. Nov. 24, 2009)..................................11

*Flores v. Pa. Dep't of Corr.*,
   No. 3:CV-12-1149, 2013 WL 2250214 (M.D. Pa. May 22, 2013)....................20

*Gerald Chamales Corp. v. Oki Data Americas, Inc.*,
   247 F.R.D. 453 (D.N.J. 2007) ..................................................................*passim*

*Hansen v. Neumueller GmbH*,
   163 F.R.D. 471 (D. Del. 1995).........................................................................17

ii

*Kiley v. Tumino's Towing, Inc.*,
  No. 2:18-CV-3165, 2019 WL 2432121 (D.N.J. June 10, 2019)................13, 18

*Landis v. N. Am. Co.*,
  299 U.S. 248 (1936)........................................................................13

*Maher Terminals, LLC v. Port Authority of N.Y. and N.J.*,
  No. 12-6090, 2013 WL 2253532 (D.N.J. May 22, 2013) .................5, 11,18, 20

*Mann v. Brenner*,
  375 F. App'x 232 (3d Cir. 2010)....................................................7-8

*N. Am. Commc'ns, Inc. v. Infoprint Solutions Co., LLC*,
  No. 3:08-288, 2011 WL 4571727 (W.D. Pa. July 13, 2011)............................8

*Nippon Steel & Sumito Metal Corp. v. POSCO*,
  No. CIV.A. 12-2429, 2013 WL 1867042 (D.N.J. May 2, 2013)......................10

*Orchid Biosciences, Inc. v. St. Louis Univ.*,
  198 F.R.D. 670 (S.D. Cal. 2001)........................................................21

*In re Orthopedic Bone Screw Prod. Liab. Litig.*,
  264 F.3d 344 (3d Cir. 2001)................................................................8

*Pennsylvania v. Navient Corp.*,
  348 F. Supp. 3d 394, 401 (M.D. Pa. 2018)..............................................6

*Rose v. Granite City Police Dep't*,
  813 F. Supp. 319 (E.D. Pa. 1993)......................................................17

*United States ex rel. Simpson v. Bayer Corp.*,
  No. 05-3895, 2013 WL 12303732 (D.N.J. Jan. 4, 2013) ............................7, 20

*Spathos v. Smart Payment Plan, LLC*,
  No. 15-8014, 2016 WL 9211648 (D.N.J. Apr. 25, 2016) .................................7

*Thompson v. Warren*,
  No. 13-4334, 2015 WL 3386487 (D.N.J. May 26, 2015) ..........................13, 20

*Toys "R" Us, Inc. v. Step Two, S.A.*,
  318 F.3d 446 (3d Cir. 2003)............................................................17

*Trusted Transp. Sols., LLC v. Guarantee Ins. Co.*,
    No. 16-7094, 2018 WL 2187379 (D.N.J. May 11, 2018) ............................6, 12

*Udeen v. Subaru of America, Inc.*,
    378 F. Supp. 3d 330, 332 (D.N.J. 2019).......................................................*passim*

*Victor v. Huber*,
    No. 3:12-CV-282, 2012 WL 2564841 (M.D. Pa. July 2, 2012) .......................21

*Waldman v. Carey*,
    82 F.R.D 469 ..................................................................................................20

*Weisman v. Mediq, Inc.*,
    Civ. A. No. 95-1831, 1995 WL 273678 (E.D. Pa. May 3, 1995).....................21

*Worldcom Tech., Inc. v. Intelnet Int'l, Inc.*,
    No. CIV.A. 00-2284, 2002 WL 1971256 (E.D. Pa. Aug. 22, 2002) ................12

## Other Authorities

Fed. R. Civ. P. 16(b) ...............................................................................................6

Fed. R. Civ. P. 26(b) .............................................................................................19

Fed. R. Civ. P. 26(c) ..........................................................................................5, 17

Fed. R. Civ. P. 26(f).................................................................................................6

Plaintiff Austar International Limited ("Austar"), by and through its undersigned counsel, respectfully submits this Omnibus Opposition to (1) the Motion to Stay Discovery Pending Resolution of the Motions to Dismiss filed by Defendants Rong "Ron" Liu ("Liu") and Guangzhou Bristol Drug Delivery Co., Ltd. ("Bostal")[1] (the "Liu and Bostal Motion")[2] and (2) the Motion to Stay Discovery Pending Resolution of the Motions to Dismiss filed by Defendant AustarPharma LLC ("AP") (the "AP Motion")[3] (together, the "motions to stay" or the "Motions").

## PRELIMINARY STATEMENT

Defendants seek a stay because – like every defendant in every case – they would prefer that the case against them not proceed while their motions to dismiss are pending.  Defendants essentially contend that the mere filing of a potentially dispositive motion should effect a stay.  Unfortunately for Defendants, this position is directly contrary to the Federal Rules of Civil Procedure and decades of case law establishing that stays are an extraordinary remedy and are heavily disfavored

---

[1] According to Defendants, the Guangzhou Bristol Drug Delivery Co., Ltd. is now known as Bostal Drug Delivery Co., Ltd. ("Bostal").  (ECF No. 17-1.)  Thus, without adopting or agreeing to the accuracy of this assertion, Austar will refer herein to "Bostal" when referring to Defendant Guangzhou Bristol Drug Delivery Co., Ltd. for purposes of this brief.

[2] References to the Memorandum of Law in Support of the Liu and Bostal Motion (ECF No. 45-1) appear herein as "Liu and Bostal Mem. at __."

[3] References to the Memorandum of Law in Support of the AP Motion (ECF No. 46-1) appear herein as "AP Mem. at __."

1

absent a strong showing of prejudice or other extenuating circumstances that are not present here.

Defendants fall far short of meeting their burden to show the necessity of departing from the Federal Rules.  Indeed, instead of providing case-specific reasons why proceeding with discovery would be an undue hardship on them, Defendants offer nothing more than generic statements—*i.e.*, that discovery is expensive and that resources will need to be diverted to respond to discovery requests.  Defendants also baldly assert that there is no prejudice to Austar in waiting a few months to begin discovery.  These run-of-the-mill reasons could be argued in any case; if they were sufficient, stays would be the norm rather than the exception under the Federal Rules.  In fact, the law is exactly the opposite—a litany of cases in this District and throughout the country make clear that the mere filing of a dispositive motion does *not* constitute "good cause" supporting the issuance of a discovery stay.

Consistent with their flawed position that a potentially case dispositive motion warrants a stay, Defendants devote much of their Motions to re-briefing their motions to dismiss.  This is telling, as it demonstrates that the motions to stay rest entirely on the pendency of a potentially case dispositive motion, but it also is a waste of paper.  The parties' briefing on the motions to dismiss stands on its own.  Suffice it to say that Austar strongly opposes Defendants' grounds for dismissal

2

and respectfully refers the Court to its Omnibus Opposition to Defendants' Motions to Dismiss (Dkt. No. 22). In short, as set forth therein, and contrary to Defendants' obfuscations, this is a quintessential and robustly-pleaded misappropriation of trade secrets and breach of fiduciary case that belongs in federal court.

Ultimately, because Defendants' motions do not satisfy the burdens placed squarely on them to justify a stay, Defendants' Motions should be denied.

## STATEMENT OF FACTS

Austar commenced this action against Liu, Bostal, and AP on March 11, 2019 (ECF No. 1) after trying to negotiate with Liu in good faith to avoid litigation. Austar trusted Liu to run the parties' joint venture, AP, but Liu abused that trust, breaching his contractual and fiduciary duties, misappropriating AP's trade secrets, and forming Bostal and related entities in China to usurp business opportunities and exploit AP's trade secrets and personnel for his own benefit. In its Complaint, Austar alleges seven causes of action—including breach of fiduciary duty, breach of contract, conversion of property, violation of the Federal Defend Trade Secrets Act, misappropriation of trade secrets, tortious interference with prospective economic disadvantage, and judicial expulsion—on behalf of itself and/or derivatively on behalf of AP. (*Id.*)

On May 6, 2019, two months after Austar filed its Complaint, Defendants filed their motions to dismiss.  (ECF Nos. 16, 17.)  On June 3, Austar filed its Opposition to the Motions to Dismiss,[4] establishing in detail that:  (1) it properly asserted derivative claims in its Complaint to protect AP's interests and – in fact – is the only party capable of protecting the company's interests from Liu's misconduct; (2) the Complaint easily satisfies the liberal notice pleading standard applicable to all of the claims; and (3) this Court easily has personal jurisdiction over Bostal based on the entirely New Jersey-focused nature of its conduct against a New Jersey company through Liu, a New Jersey resident.

On June 12, 2019, shortly after the briefing on Defendants' motions to dismiss was complete (ECF Nos. 23, 24), the Court entered an Order, setting the Scheduling Conference for August 15, 2019 before Magistrate Judge Hammer. (ECF No. 25.)  Defendants attempt to exploit the fact that Austar's counsel filed a letter with the Court requesting an adjournment of the Scheduling Conference to mid-September due to a scheduling conflict.  (AP Mem. at 3; Liu and Bostal Mem. at 5.)  It is unfortunate that Defendants have resorted to mischaracterizing consensual scheduling discussions among counsel in an effort to bolster their motions to stay.  Contrary to Defendants' self-serving characterization of counsel's dialogue (which should not be before the Court), this scheduling letter followed

---

[4] References to Austar's Opposition to Motion to Dismiss (ECF No. 22) appear herein as "Opp'n to Mot. to Dismiss at __."

4

discussions between Austar's and Defendants' counsel.   Austar's counsel requested Defendants' consent to a short adjournment because the then-scheduled August 15 Conference was during *a pre-planned family vacation*.[5]   In subsequent discussions, and after a discussion with Judge Hammer's clerk regarding the Court's availability in September, counsel agreed to propose September 17, 18, and 20 in Austar's letter to Judge Hammer (ECF No. 42.)   The fact that this letter also mentioned that the short adjournment would permit briefing on Defendants' planned motions to stay hardly evidences that Austar did not, and does not, intend to proceed expeditiously with discovery.   To the contrary, Austar fully plans to serve discovery in advance of the Scheduling Conference, which the Court ultimately rescheduled for October 17, 2019.

## LEGAL ARGUMENT

## I.    THE MOVING PARTY'S BURDEN ON A MOTION TO STAY

As the movants, Defendants have the burden of proving that they are entitled to a stay.  *Maher Terminals*, *LLC v. Port Authority of N.Y. and N.J.*, No. 12-6090, 2013 WL 2253532, at *2 (D.N.J. May 22, 2013) (pursuant to Fed. R. Civ. P. 26(c), a court may stay discovery pending determination of a motion to dismiss only on a showing of "good cause" by the party requesting the stay); *Gerald Chamales Corp. v. Oki Data Americas, Inc.*, 247 F.R.D. 453, 454 (D.N.J. 2007) (same); *Coyle v.*

---

[5] The scheduling letter stated that Austar's counsel's pre-planned vacation was the primary reason for the requested adjournment.  (ECF No. 42.)

*Hornell Brewing Co.*, No. 08-2797, 2009 WL 1652399, at *3 (D.N.J. June 9, 2009) (same).

The default under the Federal Rules of Civil Procedure is that once a case is filed, the parties should proceed with discovery. "There is nothing in the Federal Rules . . . that mandates that discovery should not proceed before a motion to dismiss is decided." *Pennsylvania v. Navient Corp.*, 348 F. Supp. 3d 394, 401 (M.D. Pa. 2018). "To the contrary, the timing set forth for discovery-related tasks in the Federal Rules, including for the parties' discovery planning conference under Fed. R. Civ. P. 26(f) and the court's issuance of a scheduling order under Fed. R. Civ. P. 16(b), indicates that it is expected that the parties in litigation will expeditiously begin discovery soon after a case is filed." *Id.* Accordingly, motions to stay discovery "are not preferred." *Coyle*, 2009 WL 1652399, at *3 (affirming Magistrate Judge's letter order denying defendants' application for a stay of discovery). The stay of a civil proceeding is "an extraordinary remedy." *Costantino v. City of Atl. City.*, No. 13-6667, 2015 WL 668161, at *3 (D.N.J. Feb. 17, 2015); *Trusted Transp. Sols., LLC v. Guarantee Ins. Co.*, No. 16-7094, 2018 WL 2187379, at *4 (D.N.J. May 11, 2018).

Moreover, "it is well settled that the mere filing of a dispositive motion does not constitute 'good cause' for the issuance of a discovery stay." *Gerald Chamales*, 247 F.R.D. at 454; *Navient Corp.*, 348 F. Supp. 3d at 401 (noting that

6

the court should not grant a stay merely because a motion to dismiss is pending); *Udeen v. Subaru of America, Inc.*, 378 F. Supp. 3d 330, 332 (D.N.J. 2019); *Spathos v. Smart Payment Plan, LLC*, No. 15-8014, 2016 WL 9211648, at *1 (D.N.J. Apr. 25, 2016).   This is true regardless of the underlying basis for the dispositive motion, including motions that raise jurisdictional issues.  *See Maher Terminals*, 2013 WL 2253532, at *2 (denying motion to stay discovery while motion to dismiss for lack of subject matter jurisdiction was pending); *United States ex rel. Simpson v. Bayer Corp.*, No. 05-3895, 2013 WL 12303732, at *1 (D.N.J. Jan. 4, 2013) (same).

Defendants must establish that four factors weigh in their favor in order to depart from the default under the Federal Rules of proceeding with discovery:  (1) whether a stay would unduly prejudice or present a clear tactical disadvantage to the non-moving party; (2) whether denial of the stay would create a clear case of hardship or inequity for the moving party; (3) whether a stay would simplify the issues and the trial of the case; and (4) whether discovery is complete and/or a trial date has been set.  *Udeen*, 378 F. Supp. at 332.  Here, Defendants have not carried their burden to show that these factors weigh in their favor; to the contrary, the factors individually and collectively support denial of Defendants' Motions.[6]

---

[6] All of the cases cited by Defendants in their Motions for the assertion that courts routinely exercise their discretion to stay discovery pending resolution of dispositive motions are distinguishable.  *See Mann v. Brenner*, 375 F. App'x 232,

## II.   DEFENDANTS CANNOT MEET THEIR BURDEN TO SUPPORT THE EXTRAORDINARY REMEDY OF STAYING DISCOVERY.

### A.   Defendants Have Failed to Demonstrate that Austar Would Obtain a Tactical Advantage and Would Not Suffer any Prejudice if a Stay of Discovery Was Granted.

Defendants claim that the first factor—whether a stay would unduly prejudice or present a clear tactical disadvantage to the non-moving party—weighs in their favor.  Yet, they fail to provide a single reason as to why this is the case. Instead, Defendants make sweeping statements and misconstrue the facts in an effort to spin a supposed pre-filing delay as a justification for further delay. Defendants' arguments fail as a matter of law and fact.

The thrust of Defendants' argument is the falsehood that Plaintiff failed to timely file its Complaint.  (AP Mem. at 5; Liu and Bostal Mem. at 7.)  AP even

---

239-40 (3d Cir. 2010) (none of Plaintiff's claims, as laid out in the complaint, entitled him to relief, and the argument that discovery could produce "a litany of facts" substantiating his claims was meritless because a motion to dismiss may be decided without extensive factual development); *In re Orthopedic Bone Screw Prod. Liab. Litig.*, 264 F.3d 344, 365 (3d Cir. 2001) (discovery "was aimed at supporting claims" that fell outside the Federal Torts Claims Act, over which the court had no jurisdiction); *Actelion Pharm. Ltd. v. Apotex Inc.*, No. 12-5743, 2013 WL 5524078, at *1 (D.N.J. Sept. 6, 2013) (*plaintiffs* moved for a stay of discovery pending motion for judgment on the pleadings in antitrust declaratory action case, where cost of discovery is particularly expensive); *N. Am. Commc'ns, Inc. v. Infoprint Solutions Co., LLC*, No. 3:08-288, 2011 WL 4571727, at *4 (W.D. Pa. July 13, 2011) (minimal burden on plaintiff in granting stay because the parties had twice previously requested an extension of the discovery period, the second extension setting a deadline of more than a year after the initial deadline, plaintiff filed its initial claim at a late stage, and plaintiff was slow in responding to discovery).

goes so far as to say that Austar "deliberately chose to wait to commence this action despite having knowledge of the supposed misconduct for several years." (AP Mem. at 5.)  These contentions are both irrelevant and untrue.  As discussed in Austar's Opposition to the Motions to Dismiss, Austar sought to negotiate in good faith with Liu to avoid litigation.  (*See* Opp'n to Mot. to Dismiss at 17-18.)  Such good-faith efforts to avoid litigation hardly should be turned against Austar.  In any case, after Liu refused to cease his misconduct and frustrated efforts to resolve the dispute, Austar promptly initiated this litigation to protect AP's trade secrets and business opportunities.  There is no dispute that all of Austar's claims were filed within the applicable statutes of limitations.

To further confuse the facts in the hopes that the Court will grant its motion to stay, AP makes the same meritless allegation as it made in its motion to dismiss—that Austar made a formal demand on Liu in February 2018, yet waited 13 months before commencing this action.  (AP Mem. at 5-6.)  As outlined at length in Austar's Opposition to the Motions to Dismiss, Austar clearly did not make a formal litigation demand on AP's Board of Directors in February 2018—or ever.  (Opp'n to Mot. to Dismiss at 18-23.)  Rather, the February 2018 letter was part of a then-ongoing dialogue between Austar, Liu (individually), and their respective outside counsel regarding a potential buy-out by Liu of Austar's membership interest.  The fact that Austar filed its Complaint 13 months after it

sent the February 2018 letter, after ongoing dialogue with Liu proved futile, is completely irrelevant to the Court's determination of whether a stay should be granted.[7]

Turning to the other side of the scale, Defendants offer nothing more than *ipse dixit* in an effort to establish that Austar will not be prejudiced by a stay. Specifically, Defendants contend that "the delay in resolving a dispositive motion does not, without more, establish that undue prejudice will result from issuance of a stay." (AP Mem. at 5; Liu and Bostal Mem. at 7.) While this is true, it does not mask that Defendants have failed to offer any explanation for why AP would not be prejudiced were discovery to be stayed during the pendency of the motions to dismiss – and, in fact, it would be prejudiced by unwarranted delay.[8]

---

[7] The fact that Austar did not seek a temporary restraining order or preliminary injunction when it commenced this action is irrelevant to the Court's granting or denial of a motion to stay discovery. *See Nippon Steel & Sumito Metal Corp. v. POSCO*, No. CIV.A. 12-2429, 2013 WL 1867042, at *6 n.6 (D.N.J. May 2, 2013) ("[T]he failure to move for a preliminary injunction does not erase the fact that Nippon would likely suffer tangible harm from a stay."); *Eagle View Techs., Inc. v. Xactware Sols., Inc.*, No. 15-7025, 2016 WL 7165695, at *5 (D.N.J. Dec. 7, 2016) ("To the extent defendants focus on the fact that plaintiffs did not seek a preliminary injunction to support their arguments that plaintiffs will not suffer undue prejudice, the Court finds this is not determinative.").

[8] The cases Defendants cite in support of this statement are completely distinguishable from the present case. In *Actelion Pharmaceuticals*, the court found that the plaintiffs met their burden on the first factor because of: (1) defendants' own failure to file claims and (2) defendants' failure to file a suit seeking the drug samples at issue belied their argument that not receiving those drug samples "would offend the public's particularly great interest in vigorously enforcing national anti-trust laws through the expeditious resolution of private

10

Given the strong presumption that discovery should proceed, the prejudice to Austar outweighs the garden-variety harm that Defendants would allegedly suffer by proceeding with discovery. Given the extensive briefing on Defendants' motions to dismiss and the time it could take for the motions to be decided, the case could be in suspense for a significant period if Defendants' request to stay was granted. Courts thus generally disfavor granting motions to stay discovery "'because when discovery is delayed or prolonged[,] it can create case management problems which impede the court's responsibility to expedite discovery and cause unnecessary litigation expenses and problems.'" *Maher Terminals*, 2013 WL 2253532, at *2 (quoting *Coyle*, 2009 WL 1652399, at *3); *see Adriana Castro, M.D., P.A. v. Sanofi Pasteur Inc.*, No. 11-7178, 2012 WL 12918261, at *2 n.2 (D.N.J. July 18, 2012) (the court has a responsibility to "keep its docket moving to provide litigants with a timely and effective resolution of their claims") (citations and internal quotations omitted). Having filed its Complaint, Austar has the right to move forward. *See Udeen*, 378 F. Supp. 3d at 333 (denying defendants' request to stay discovery because, in part, plaintiffs would be

---

antitrust litigation" and "would prohibit Defendants from performing studies necessary for FDA approval." 2013 WL 5524078, at *4 (internal quotations omitted). In *Everett Laboratories, Inc. v. River's Edge Pharmaceuticals, LLC*, No. 09-3458, 2009 WL 4508584 (D.N.J. Nov. 24, 2009), the defendant moved for a stay of the entire litigation pending reexamination of a patent with the Patent and Trademark Office. *Id.* at *2. The court granted the stay because "any added delay (or resulting prejudice) now caused by the reexamination . . . could, arguably, have been prevented" by the plaintiff. *Id.* at *3.

11

prejudiced); *Castro*, 2012 WL 12918261, at *2 ("[G]ranting a stay until the motions to dismiss are decided may prejudice plaintiffs by forcing them to wait an indefinite period of time to pursue their claims.").

Additionally, contrary to Defendants' contention that there is no concern present regarding spoliation or loss of evidence, Austar indeed is as concerned as any litigant in a complex commercial case that delay may result in the loss of evidence. As numerous courts have recognized, the longer a case sits without discovery, the greater chance that relevant evidence will be lost or destroyed. *Udeen*, 378 F. Supp. 3d at 333; *Costantino*, 2015 WL 668161; *see Trusted Transp. Sols.*, 2018 WL 2187379, at *4 ("Plaintiff is prejudiced by a stay because any significant delay in the case could hinder its ability to prove its case."); *Worldcom Tech., Inc. v. Intelnet Int'l, Inc.*, No. CIV.A. 00-2284, 2002 WL 1971256, at *6 (E.D. Pa. Aug. 22, 2002) ("[F]urther delay creates the risk of prejudice to plaintiffs in the form of lost evidence, fading memories, and potentially dissipating assets to pay any judgment that plaintiffs might secure."). Here, Liu fully controls Bostal, and it is unclear what measures, if any, have been taking to preserve relevant documents – particularly given that Bostal presumably has documents in China. To be sure, denying the motions to stay would help ensure that relevant documents are preserved and exchanged from the outset and that Austar is not later disadvantaged in the discovery process.

**B.      Defendants Do Not Meet Their Burden of Proving that Discovery Will Cause Them to Suffer Undue Hardship.**

Defendants bear the burden of making out "'a clear case of hardship or inequity in being required to go forward'" with discovery "'if there is even a fair possibility that the stay will work damage to someone else.'"  *Costantino*, 2015 WL 668161, at *3, *8 (quoting *Landis v. N. Am. Co.*, 299 U.S. 248, 254-55 (1936)); *Kiley v. Tumino's Towing, Inc.*, No. 2:18-CV-3165, 2019 WL 2432121, at *2 (D.N.J. June 10, 2019) (citations omitted).  Defendants "'must state a clear countervailing interest to abridge a party's right to litigate.'"  *Costantino*, 2015 WL 668161, at *3 (quoting *CTF Hotel Holdings, Inc. v. Marriott Int'l, Inc.*, 381 F.3d 131, 140 (3d Cir. 2004)).  To meet this burden, Defendants must do more than assert that discovery will be pointless if they win on their pending motions to dismiss.  *See Thompson v. Warren*, No. 13-4334, 2015 WL 3386487, at *3 (D.N.J. May 26, 2015) (denying motion to stay where defendants "failed to state with any specificity" why their case differed "from any other case in which discovery may be rendered unnecessary by a subsequent ruling on a pending dispositive Motion").  Defendants plainly have failed to meet their burden here.  *See Udeen*, 378 F. Supp. 3d at 333 (finding that discovery would not be unduly time consuming or expensive); *Doty v. Bayview Fin. L.P.*, No. 08-4090, 2009 WL 10690330, at *2 (D.N.J. Oct. 7, 2009) ("Defendants have not shown good cause nor have they

13

adequately exhibited the hardship or inequity that would result if they were required to move forward with discovery of the named Plaintiff's claims[.]").[9]

Defendants claim that discovery will be "an enormous undertaking" given the breadth of Austar's allegations and claims.  (AP Mem. at 6; *see also* Liu and Bostal Mem. at 8.)  However, Defendants fail to provide any real support for this statement, nor do they provide any support for the premise that the scope of a plaintiff's allegations matters to this analysis.  Instead, in trying to prove hardship, they do nothing more than rehash the arguments they made in their motions to dismiss.  Defendants are using their motions to stay discovery simply as another opportunity to litigate the merits of the case—and they do so by, once again, mischaracterizing the facts and presenting a picture far removed from reality.

AP's argument that "its limited role in this action is to (1) serve as the vehicle for Austar [] to manufacture federal jurisdiction and (2) provide discovery to the real parties in interest" (AP Mem. at 7) is plainly incorrect.  As argued at length in its Opposition to the Motions to Dismiss, not only is federal jurisdiction premised on a federal statute creating original federal subject matter jurisdiction—

---

[9] AP contends that the Court need not even consider this factor if it finds that Austar will not be unduly prejudiced.  (AP Mem. at 6.)  In support of this statement, AP cites *Cable System Installations Corp. v. International Brotherhood of Electrical Workers*, No. 12-7407, 2015 WL 13650366 (D.N.J. Mar. 30, 2015). The facts and procedural posture of this case are completely distinguishable from the case at bar.  In *Cable System Installations*, the defendants sought to stay proceedings in one of three consolidated cases, *id.* at *1, not discovery during the period prior to a motion to dismiss being decided.

the Defend Trade Secrets Act—there also is no basis whatsoever to suggest that Austar's Complaint attempts to manufacture diversity jurisdiction.  (*See* Opp'n to Mot. to Dismiss at 24-27.)   In any event, a request to stay discovery is not the proper vehicle for Defendants to argue the merits of the case and get an early ruling on their Rule 12 motions.  *See Gerald Chamales Corp.*, 247 F.R.D. at 454 ("[T]he Court declines to weigh in on the merits of defendants' motion asking the Court to Order plaintiff to arbitrate this case [because] Defendants' Motion for Summary Judgment will be decided by the District Judge, not this Court."); *Udeen*, 378 F. Supp. at 334 n.4 ("To be clear, the Court is not weighing in on the merits of defendants' Motion to Dismiss and it declines to predict whether the motion will be granted in whole or in part."); *Actelion*, 2013 WL 5524078, at *5 ("Indeed, requiring this Court to opine on the underlying merits of the Plaintiffs' dispositive motion, in addition to the District Court's consideration, would be unduly duplicative.").

Likewise, Liu and Bostal's arguments that (1) Austar has not sufficiently identified its trade secrets and (2) the Court lacks personal jurisdiction over Bostal were also briefed at length in the motion to dismiss papers and have no bearing on a request to stay discovery.  Cutting and pasting the same arguments that formed the basis for their motions to dismiss into their motion to stay—which is essentially

what Defendants have done—does not help Defendants prove that they will suffer a hardship if discovery were to proceed.

Contrary to Defendants' arguments, Bostal's challenge to jurisdiction provides no basis for a discovery stay. Austar has made a prima facie of jurisdiction as to Bostal, as demonstrated in both the Complaint and Austar's Opposition to the Motions to Dismiss. (*See* ECF No. 1 at ¶¶ 10, 15, 48, 49, 52, 58, 59, 64-71; Opp'n to Mot. to Dismiss at 65-73.) The Complaint pleads a multitude of New Jersey contacts, demonstrating that Bostal expressly aimed its tortious conduct at New Jersey. (*See* Opp'n to Mot. to Dismiss at 66-70.) Specifically, *inter alia*, Bostal was founded by and is controlled by Liu, a New Jersey resident; Bostal's conduct was orchestrated by Liu and aimed at a New Jersey company, AP; Bostal reached into New Jersey to acquire AP's trade secrets through Liu while he was working in New Jersey; and Liu, through Bostal, pursued business opportunities, sales, and scientific partnerships that Liu knew AP intended to pursue itself and that should have been directed to AP, thus tortiously interfering with a New Jersey company's prospective economic advantage. (*See id.* at 68-69; *see also* ECF No. 1 at ¶¶ 10, 15, 48, 49, 52, 58, 59, 64-71.) In the face of this strong prima facie showing, Bostal's mere filing of a jurisdictional challenge does not support a stay.

16

Yet, even if Bostal's jurisdictional challenge arguably provided some basis to restrain discovery, it would only support a limited stay as to Bostal, not all Defendants.    Moreover, even then, Austar would be entitled to jurisdictional discovery against Bostal.    Courts are only wary of allowing jurisdictional discovery if the plaintiff's claim is "clearly frivolous."  *See Toys "R" Us, Inc. v. Step Two, S.A.*, 318 F.3d 446, 456 (3d Cir. 2003) ("Although the plaintiff bears the burden of demonstrating facts that support personal jurisdiction, . . . courts are to assist the plaintiff by allowing jurisdictional discovery unless the plaintiff's claim is 'clearly frivolous.'") (citations omitted).  This is clearly not the case here.  (*See* ECF No. 1 at ¶¶ 15, 52, 64, 65; Opp'n to Mot. to Dismiss at 65-73.)  Because Austar has presented factual allegations that suggest "with reasonable particularity" the existence of the requisite contacts between Bostal and New Jersey, Austar's "right to conduct jurisdictional discovery should be sustained." *See Toys "R" Us*, 318 F.3d at 456 (reversing the district court's denial of plaintiff's request for jurisdictional discovery because the record contained sufficient non-frivolous allegations to support the request).[10]  Thus, as to Bostal,

---

[10] In contrast to this case, in the cases cited in the Liu and Bostal Motion, there was "a complete absence of jurisdictional facts by the plaintiff" which was "insufficient for discovery to proceed."  *Hansen v. Neumueller GmbH*, 163 F.R.D. 471, 476 (D. Del. 1995); *see Rose v. Granite City Police Dep't*, 813 F. Supp. 319, 322-23 (E.D. Pa. 1993) ("Because Plaintiff has failed to make even a *prima facie* showing that the Court has personal jurisdiction over Defendants, the Court will deny Plaintiff's motion for a temporary stay of a decision on Defendants' motion to dismiss.").

jurisdictional discovery at the very least should proceed, and Bostal's jurisdictional challenge provides no basis for the other Defendants to evade discovery.

Moreover, AP's claims that discovery "will be an enormous undertaking . . . given the breadth of Austar['s] allegations and claims," that responding to Austar's discovery requests "will cost [AP] tens of thousands of dollars in attorneys' fees and costs," and that the discovery process will require AP to "divert the attention of key employees away from the company's business to focus on assisting counsel in this litigation" (AP Mem. at 6-7) are unavailing as a matter of law. "Broad allegations of harm, unsubstantiated by specific examples or articulated reasoning, do not satisfy the Rule 26(c) test." *Kiley*, 2019 WL 2432121, at *3 (quoting *Gerald Chamales Corp.*, 247 F.R.D. at 455).

For example, in *Maher Terminals*, this Court denied the defendants' request for a stay of discovery pending disposition of the motion to dismiss, finding that the defendants failed to satisfy the good cause standard because they provided no evidence that proceeding with discovery would be "unduly" burdensome. 2013 WL 2253532, at *3. The Court reasoned that "[i]n any cases where a dispositive motion is filed in the early stages of the litigation, the parties might incur discovery costs that ultimately may be rendered unnecessary if the pending dispositive motion is granted." *Id.* The defendants, however, did not explain with any specificity why that case was any different than any other case in which a

dispositive motion had been filed early, and, thus, why the Court should have granted its request to stay discovery.  *Id.*

Similarly, here, Defendants have not identified why this case is any different from another case in which a motion to dismiss is filed.  There is no reason why discovery cannot commence at this point.[11]

### C. Defendants Have Not Shown How Entering a Stay Would Simplify the Issues and Trial of this Case.

Defendants have failed to meet their burden of demonstrating that the third factor—whether a stay would simplify the issues and the trial of the case—weighs in their favor.  Defendants assume that their motions to dismiss have a strong likelihood of success and would dispose of this entire action, or at least narrow the claims.  (Austar Mem. at 8-9; Liu and Bostal Mem. at 11-13.)  For this reason alone, they argue that they are entitled to a stay—so that they do not waste time and resources on discovery that may not be needed down the road.  However, this argument directly contradicts case law in this District.

Courts in this District have consistently held that where there is not a "clear and unmistakable result" that a court can reach on a motion to dismiss, the court should not grant a motion to stay discovery.  *See Castro*, 2012 WL 12918261, at

---

[11] Denying a stay of discovery does not prevent Defendants from asserting objections to the scope of discovery under Fed. R. Civ. P. 26(b), in the event that Defendants believe discovery requests are overbroad.  *See Castro*, 2012 WL 12918261, at *2 n.2.

*2; *Simpson*, 2013 WL 12303732, at *2 (denying defendants' application to stay all fact discovery pending a decision on anticipated motion to dismiss for lack of subject matter jurisdiction); *Gerald Chamales Corp.*, 247 F.R.D. at 454; *Maher Terminals*, 2013 WL 2253532, at *3 ("[I]t is clear to this Court upon its review of the motion to dismiss that the motion does not dictate a 'clear and unmistakable result' for either party; consequently, this Court cannot justify granting a stay of discovery."); *see also Thompson*, 2015 WL 3386487, at *3 ("While Defendants' Dispositive Motion does not appear to be without foundation in law, the Court 'does not believe the issuance of a protective order should depend upon its prediction of how the District Judge will decide defendants' dispositive motion.'") (citation omitted).

This is precisely the case here—there is not a "clear and unmistakable result" that can be reached, and thus, a stay is not warranted. *See Gerald Chamales Corp.*, 247 F.R.D. at 454. As Liu and Bostal acknowledge in their motion, Austar "filed a 73-page omnibus opposition brief to the motions to dismiss, disputing the motions on substantive grounds, and citing various cases, statutes, rules and other authorities." (Liu and Bostal Mem. at 11.)[12] While Austar believes it is clear the

---

[12] The cases cited by Defendants in support of this factor can be easily distinguished. *See Flores v. Pa. Dep't of Corr.*, No. 3:CV-12-1149, 2013 WL 2250214, at *1 (M.D. Pa. May 22, 2013) (pro se civil rights action in which discovery would be futile if motion to dismiss were granted); *Weisman v. Mediq, Inc.*, Civ. A. No. 95-1831, 1995 WL 273678, at *2 (E.D. Pa. May 3, 1995) (motion

motions to dismiss should be denied, the motions cannot be summarily resolved. The Court will need to explore each claim and alleged ground for dismissal in order to decide the motions to dismiss.  Defendants thus have provided no valid reason as to why the Court should delay discovery based merely on pending motions to dismiss.[13],[14]

Moreover, any contention that the motions will narrow the scope of discovery is disingenuous.  All of Austar's claims arise out of the same nucleus of operative facts – namely, Liu's misappropriation of AP's trade secrets and usurpation of corporate opportunities, in breach of contract, federal statute, and his fiduciary duties.  Thus, the substance and scope of discovery will not be materially impacted by this Court's ruling on the motions to dismiss, if at all.  In fact, Defendants do not even move against Austar's breach of contract claim – thus,

---

to dismiss could be decided on the pleadings and would be decided in the near future); *Waldman v. Carey*, 82 F.R.D 469, 470-71 (the parties agreed that the only discovery immediately appropriate, if any, was discovery related to the question of whether plaintiff alleged facts constituting sufficient excuse for her acknowledged failure to demand action from the trustees); *Victor v. Huber*, No. 3:12-CV-282, 2012 WL 2564841, at *2 (M.D. Pa. July 2, 2012) (plaintiff's motion to file a supplemental complaint would significantly change the legal terrain of the lawsuit and shape the proper scope of discovery in the matter).

[13] Courts have even denied motions to stay discovery in cases where a motion could dispose of the case or limit the issues. *See, e.g.*, *Doty*, 2009 WL 10690330, at *2.

[14] With respect to jurisdictional discovery, Defendants' own cited case, *Orchid Biosciences, Inc. v. St. Louis Univ.*, 198 F.R.D. 670 (S.D. Cal. 2001), recognizes that "where pertinent facts bearing on the question of jurisdiction are in dispute, discovery should be allowed."  *Id.* at 672.

regardless of the forum, this case will proceed and discovery necessarily will be exchanged regarding Liu's misconduct, including through Bostal (the Chinese company he used as a conduit for his misdeeds). Thus, there is no basis to delay the inevitable – discovery should proceed now to prevent further undue delay and the potential spoliation or loss of critical evidence.

### D.   The Fact that This Case Is in its Early Stages Does Not Weigh in Favor of a Stay.

Defendants argue that a stay should be granted because discovery has not begun and deadlines have not been set. (AP Mem. at 9-10; Liu and Bostal Mem. at 13.) This is hardly remarkable or unusual given that this case was filed just a few short months ago – particularly given that the parties' time has been consumed by thoroughly briefing motions to dismiss. Once again, Defendants have failed to meet their burden.

The fact that a case is in its early stages and no trial date has been set is not a persuasive factor in a court's decision as to whether to grant a motion to stay. *See Udeen*, 378 F. Supp. 3d at 333. Indeed, it is almost always the case that a trial date is not set before a motion to dismiss is decided. *Id.*

In *Coyle*, discovery had not commenced by the time the defendants applied for a stay. 2009 WL 1652399, at *1-2. Yet, the court affirmed the Magistrate Judge's letter order denying the defendants' application for a stay of discovery. *Id.* at *5. In reaching its decision, the court reasoned that "[t]he power to stay a case

22

calls for the exercise of judgment and the weighing of competing interests," and though the court acknowledged the burden discovery would place on the defendants while a potentially dispositive motion was pending, it could not find that the Magistrate Judge abused his discretion in weighing the factors and denying the motion to stay. *Id.* at *4.

Similarly, here, the fact that this case is in its early stages and that discovery has not commenced should not influence the Court's decision as to whether to grant a stay. This is especially the case given that Defendants have failed to meet their burden on any of the other three factors. Moreover, the Scheduling Conference is already set for October 17, 2019, less than two months away, and Austar intends to serve discovery in advance of that conference. Therefore, entering a stay would unnecessarily derail the orderly administration of this case.

23

## CONCLUSION

For all the foregoing reasons, Austar respectfully requests that this Court deny Liu and Bostal's and AP's motions to stay discovery pending resolution of their motions to dismiss.

Dated:  August 20, 2019

Respectfully submitted,

HOGAN LOVELLS US LLP

By:  s/ Stephen A. Loney, Jr.
Stephen A. Loney, Jr. (N.J. No. 005172006)
stephen.loney@hoganlovells.com
Virginia Gibson (*pro hac vice*)
virginia.gibson@hoganlovells.com
Jessica K. Jacobs (N.J. No. 038002011)
jessica.jacobs@hoganlovells.com
1735 Market Street, 23rd Floor
Philadelphia, PA 19103
Telephone: (267) 675-4600
Facsimile: (267) 675-4601

Ryan M. Philp (N.J. No. 031032003)
ryan.philp@hoganlovells.com
Alan M. Mendelsohn (*pro hac vice*)
alan.mendelsohn@hoganlovells.com
390 Madison Avenue
New York, NY 10017
Telephone: (212) 918-3000
Facsimile: (212) 918-3100

*Counsel for Plaintiff*
*Austar International Limited*

24

# **CERTIFICATE OF SERVICE**

I, Stephen A. Loney, Jr., hereby certify that, on August 20, 2019, I caused a true and correct copy of the foregoing Austar's Omnibus Opposition to the Motions to Stay Discovery of (1) AustarPharma and (2) Liu and Bostal, and all documents filed therewith, to be electronically filed and served via the Court's electronic filing system upon the parties registered to receive electronic filings.

s/ Stephen A. Loney, Jr.
Stephen A. Loney, Jr.